1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| DANFORTH & ASSOCIATES, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>COLDWELL BANKER REAL ESTATE, LLC, a California limited liability company,<br><br>     Defendant. | NO.<br><br>COMPLAINT |

16

Danforth & Associates, Inc. dba Coldwell Banker Danforth allege as follows:

17

I.     PARTIES, JURISDICTION AND VENUE

18

1.     Plaintiff Danforth & Associates, Inc. dba Coldwell Banker Danforth

19

("Danforth") is a Washington corporation in good standing doing business in the Puget

20

Sound area as a franchisee of Coldwell Banker Real Estate, LLC.

21

2.     Defendant Coldwell Banker Real Estate, LLC ("CB") is a California limited

22

liability company with its principal place of business in Parsippany, New Jersey.

23

3.     Jurisdiction lies with this court under (i) 28 U.S.C. §§1331 and 1337 based on

24

the claim herein under 15 U.S.C. §1 and §2 and (ii) 28 U.S.C. §1332 because there is

25

complete diversity between the parties and the amount in controversy exceeds $75,000.

26

Supplemental jurisdiction also exists under 28 U.S.C. §1367 for state law claims.

COMPLAINT

50536

-1-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

4.      Venue is proper under 28 U.S.C. §1391 because a substantial part of the acts and omissions complained of occurred in the Western District of Washington.

## II. STATEMENT OF FACTS

5.      CB, according to its website, is one of the world's premier real estate organizations with a presence in 49 countries and territories, with more than 98,000 sales associates and brokers are affiliated with 3,600 offices.

6.      CB advertises franchising opportunities to the public on its website, which states that "We're Serious About Your Success."

7.      CB has a significant presence in Washington with 71 offices.

8.      Of those Washington offices 24 are operated by The Landover Corporation dba Coldwell Banker Bain ("Bain"), which has over 1093 agents in Washington.  Bain is the largest franchisee in the state and the second largest franchisee in the country, including its Oregon counterpart, dba Barbara Sue Seal ("Seal").  According to Bain's website, out of all of the CB offices, Bain has been "Number One Company Internationally" for the last 5 years, a distinction awarded to the CB residential affiliate with highest Closed Adjusted Gross Commission Income.

9.      Danforth operates three offices with 360 agents.

10.     Danforth entered into a franchise agreement with CB and acquired its first office location, in Federal Way, Washington, in October 1993.  The current Franchise Agreement, effective October 1, 2001, terminates in May 2019.

11.     Since the time of its original franchise agreement, Danforth has intended to grow its operations and to expand into additional locations in the Puget Sound area as market conditions warrant.  Danforth has been a successful operation, having been a Chairman's Circle Company for the last 6 years, a designation reserved for offices with greater than $8,000,000/year Gross Commission Income.

COMPLAINT                                    -2-

50536

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

12.     Under the current CB/Danforth Franchise Agreement the right to open additional locations is subject to standards which CB "in its reasonable judgment" applies to proposed locations.  It was Danforth's expectation that these standards would be applied equally to all franchises, including Danforth.

13.     In July 2008, Danforth identified a location in the Northgate area of Seattle, WA where it wanted to open an additional location.  CB informed Danforth that there were two criteria for opening a new location:  (1) the new location had to be at least two (2) and preferably five (5) miles from the physical location of another CB office, and (2) the new location had to be in a market in which CB did not have the current dominant market share. Danforth's proposed location met these two criteria.  The proposed office location was 5.3 miles from the closest CB office.  More importantly, CB commanded only a 7% market share compared to its primary competitor, Windermere Real Estate, which enjoyed a dominant 42% share.  Danforth submitted its proposal in August 2008.

14.     Danforth's Northgate expansion proposal was denied in late August 2008 by a phone call.  CB provided no written reason for the denial.

15.     A CB representative stated that the reason for the denial was that CB had entered into an agreement with Bain, when Bain originally bought their franchise, that gives Bain an exclusive right to expand in the four county area of King, Pierce, Kitsap and Snohomish.  The representative further stated that because this agreement pre-dated the Danforth franchise agreement by approximately 2 weeks, Danforth and CB are bound by the agreement.  The existence of Bain's exclusive right was not disclosed to Danforth when it purchased the original franchise in 1993.

16.     After the revelation of Bain's exclusive right to expand, Danforth asked CB for help to locate existing franchises that pre-dated the Bain franchise in order to expand in the Puget Sound area.

COMPLAINT                               -3-
50536

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

17.     With the help of CB, Danforth located three potential franchisees for sale that pre-dated Bain's franchise.  In 2008 Danforth acquired the stock of Del Bianco Realty, Inc. ("Del Bianco") an existing CB franchise, which predated Bain.

18.     On November 7, 2008, Coldwell Banker Danforth under the Del Bianco name submitted another application for the Northgate location.

19.     CB denied the expansion request.  Again, CB provided no written reason for denial.  However Danforth was told orally that the proposed location was again too close to a Bain office.

20.     In December 2008, Danforth re-submitted its application under the Del Bianco franchise because the CB representative was very specific in stating that this newest application had to be made only under the Del Bianco name.  As an additional inducement to CB, Danforth went so far as to offer certain financial guarantees to reduce the financial risk to CB, such as not opening the office until at least 20 agents had committed to the new office location and guaranteeing a specific commission income to CB.

21.     Surprisingly, CB denied the Northgate application again, stating in writing that the proposed office was too close to an existing member, CB Bain.

22.     Based on this apparent arbitrary and discriminatory enforcement of the two (2) and five (5) mile location requirement, Danforth vigorously protested CB's decision to deny the Northgate location. CB then told Danforth to re-submit, once again re-iterating that the application could be only submitted under the Del Bianco franchise.

23.     CB then granted Danforth its Northgate application.

24.     As a non-negotiable condition of approval of the Northgate location, CB required Danforth to agree to a "no-hire/no-recruit" provision by which Danforth is prevented from hiring or recruiting any former agents that were with companies owned by the Landover Corporation or William Riss, which includes Bain and its Oregon counterpart,

COMPLAINT                                    -4-
50536

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

Seal.  Danforth is not aware of any other similar "no-hire/no-recruit" restriction in favor of other local franchisees.  It is apparent that Bain is under no similar restriction, since Bain recruited agents out of the Danforth's Federal Way office and Coldwell Banker Park Shore's office when Bain opened offices near those locations.

25.     The Northgate location has been very successful for Danforth and CB.

26.     On December 31, 2009 all rights to the Del Bianco Franchise Agreement were assigned to and assumed by Danforth.   The assignment specifically provides that "for purposes of determining any territorial or exclusivity rights that may pertain to the Franchise or the office locations identified herein, all rights of the new Franchisee shall date back to the original date of execution of the Franchise Agreement of April 16, 1993."  CB consented to this assignment.

27.     In June 2010, Danforth applied to open a new office location in Bellevue, Washington.  Again the proposed office location met the two general criteria set forth by CB. The proposed location is more than 3 miles from the closest CB office.  CB commands only an 11.6% market share compared with Windermere (25.4%) and John L. Scott (14%).

28.     Again CB denied the application with no written reason.   A CB official gave a verbal response that the proposed Danforth office was too near to an existing Bain office.

29.     Danforth again protested CB's decision to deny the location.  In response, CB informed Danforth that proximity to existing offices was one of many factors applied to new outlets and that the proposed office "would have resulted in the breach of franchise agreement."  In later correspondence CB confirmed that it had entered into the referenced franchise agreement after the opening of Danforth's Northgate office.  Danforth reasonably believes the referenced franchise agreement is with Bain.

30.     CB has denied Danforth's request to review the referenced franchise agreement.

COMPLAINT                                   -5-

50536

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

31.    CB does not routinely apply or enforce the two (2) and five (5) mile restriction between CB offices.  By way of example:

A.    In 2001, CB granted Bain a new location only 1.9 miles from Danforth's principal location in Federal Way, Washington.

B.    In 2008, CB granted Bain a new location only 2.5 miles from the Coldwell Banker Park Shore office in Port Orchard, WA.

32.    Every month that the Bellevue office is not open, Danforth loses significant profits, and Danforth is unable to use this office's gross commission income toward Danforth's performance bonus.

33.    Every month that the Bellevue office is not open, consumers have fewer choices for real estate services.

34.    Danforth's commission structure differs from Bain's in that Danforth allows listing agents to negotiate and/or reduce their share of commissions.  There is a potential for property sellers to save thousands of dollars by choosing a Danforth agent over a Bain agent, while still getting all the benefits of listing with the well known Coldwell Banker name and receiving the benefits of Coldwell Banker's marketing tools.  Bain has complained to CB that this amounts to Danforth operating a discount brokerage.

35.    CB has demonstrated arbitrary and discriminatory treatment of franchisees in another manner.

36.    CB franchisees must comply with strict criteria with respect to advertising and signage that are set forth in the CB's Identity Standards Manual.

37.    These criteria include that the franchisee "doing business as" ("DBA") designation on advertising and property signage must not be larger than the stacked Coldwell Banker designation.

COMPLAINT                                        -6-

50536

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

38.     However, unlike other franchisees, Bain and its related Oregon franchise, Barbara Sue Seal, are allowed to have the DBA in a font that is significantly larger than the stacked Coldwell Banker designation and larger than all other franchisees DBA's.    In addition, Bain is allowed a distinctive red line under its name.

39.     Furthermore CB allows Bain to market upper end homes under the trade name "Exceptional Properties International, Coldwell Banker Bain."  All other franchisees in the Puget Sound area and in the United States are required to market their upper end properties under the standard "Coldwell Banker Previews."

40.     This difference in labeling causes major brand confusion for potential buyers of upper end homes in the Puget Sound area.

41.     CB's action, in allowing Bain to have preferential labeling and signage to acquire greater name recognition in the Puget Sound area, operates to the detriment of Danforth and all other local franchisees.

42.     By restricting Danforth's office locations, including contractual provisions that favor Bain, and granting other advantages in favor of Bain, CB, with Bain's influence, unfairly reduces the choices of the consumer in the Puget Sound market.

### III. CLAIMS

#### A. First Cause of Action – 15 U.S.C. §1

43.     CB has conspired by written agreement or otherwise in a manner which imposes burdens upon Danforth that are not imposed upon Bain and result in distinct disadvantage to Danforth and an advantage to Bain in its daily business.  The conspiracy between CB and Bain results in a horizontal restraint on Danforth's ability to expand into favorable locations, to hire former Bain agents and employees and is a *per se* unlawful restraint on competition  Those agreements constitute a contract, combination or conspiracy

COMPLAINT

50536

-7-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

in restraint of trade in interstate commerce.  Danforth has been damaged by this conspiracy in an amount to be proven at trial.

      B.  <u>Second Cause of Action – Violation of the Washington Franchise Act</u>

      44.    Under RCW 19.100.180(2), the franchisee "Bill of Rights", CB has an obligation not to discriminate between franchisees and to act in good faith.  The only exception to the obligation not to discriminate is if the franchisor satisfies the burden of proving that discrimination between franchisees was reasonable, and based upon franchises granted at materially different times and such discrimination is based on other proper and justifiable distinctions considering the purposes of the chapter.

      45.    CB's favorable treatment of Bain, in the approval of expansion locations, protection of agents, and allowable signage and branding results in discrimination between franchisees is not reasonable and not based upon proper and justifiable distinctions.

      46.    CB's discriminatory behavior is also a breach of CB's statutory and contractual obligation to deal with Danforth in good faith.

      47.    Danforth has been damaged by CB's violations of RCW 19.100.180(2) in an amount to be proven at trial, but which amount exceeds $75,000.

      C.  <u>Third Cause of Action – Breach of Contract</u>

      48.    CB has failed to apply "its reasonable judgment" in granting additional office locations to Danforth as required under the current franchise agreement between CB and Danforth and is therefore in breach of that agreement.  Danforth has been damaged in an amount to be proven at trial, but which exceeds $75,000.

      D.  <u>Fourth Cause of Action – Violation of Washington Consumer Protection Act, RCW 19.86</u>

      49.    A violation of RCW 19.100.180(2) is an unfair or deceptive act or practice under RCW 19.86.

COMPLAINT        -8-

50536

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

50.     CB offers franchises to the public, and other potential franchisees have the potential to be subjected to discrimination in a manner similar to that of Danforth.

51.     CB's discriminatory practices have damaged Danforth by not allowing it to expand into areas that Danforth believes would be viable expansion locations.

52.     The discriminatory practice of approving of Bain locations in close proximity to Danforth offices has likewise damaged Danforth.

53.     Danforth has been damaged in an amount to be proven at trial, but in excess of $75,000.

54.     The public is also negatively impacted by CB's favoritism since it reduces the number of franchisees from which they can choose in the Puget Sound market and the opportunity for sellers to pay a reduced rate for the real estate services rendered.

## IV.     RELIEF REQUESTED

Danforth prays for the following relief:

A.     For damages in an amount to be proved at trial, trebled;

B.     For injunctive relief;

C.     For attorneys fees and costs; and

D.     For such other relief as the Court deems just and proper.

DATED this 8th day of October, 2010.

SOCIUS LAW GROUP, PLLC

Brian E. Lawler, WSBA #8149
Ronald D. Allen, WSBA # 19806
Denise M. Hamel, WSBA #20996
Attorneys for Plaintiff
601 Union Street, Suite 4950
Seattle, WA 98101.3951
Telephone: 206.838.9102; Fax: 206.838.9103
E-mail: blawler@sociuslaw.com
E-mail: rallen@sociuslaw.com
E-mail: dhamel@sociuslaw.com

COMPLAINT

50536

-9-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101